UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


BILLY JACKSON COFFELT         ]
     Petitioner,              ]
                              ]
v.                            ]      No. 3:11-1067
                              ]      Judge Campbell
DAVID SEXTON, WARDEN          ]
     Respondent.              ]


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Sexton, Warden of the facility, seeking a writ of habeas corpus.

**A. Background**

On March 29, 2000, a jury in Davidson County found the petitioner guilty of especially aggravated kidnapping (3 counts), aggravated assault (2 counts), and felony escape. Docket Entry No.25-7 at pg.93. For these crimes, the petitioner was sentenced as a repeat violent offender to life in prison without the possibility of parole.[1] Docket Entry No.25-20 at pg.17.

---

[1] The petitioner received two years for the felony escape, six years for each count of aggravated assault, and life without the possibility of parole for each count of especially aggravated kidnapping.

1

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. However, that court found that the petitioner was not a repeat violent offender subject to a mandatory sentence of life imprisonment without the possibility of parole. Accordingly, the matter was remanded to the trial court for resentencing. Docket Entry No.25-4. The Tennessee Supreme Court later denied petitioner's application for additional review. Docket Entry No.25-6.

In May, 2004, the trial court resentenced the petitioner to consecutive thirty (30) year terms for each count of especially aggravated kidnapping, giving him an aggregate sentence of ninety (90) years in prison. Docket Entry No.25-7 at pgs.17-19. While an appeal of the new sentences was pending, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. *Id.* at pgs.51-76. The post-conviction petition was held in abeyance pending a resolution of petitioner's direct appeal.

In October, 2005, the Tennessee Court of Criminal Appeals affirmed petitioner's new sentences. Docket Entry No.25-11. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the petitioner's request for post-conviction relief. Docket Entry No.25-12 at pgs.108-133. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief and the Tennessee

2

Supreme Court declined petitioner's invitation to further review his petition. Docket Entry No.25-23.

**B. Procedural History**

On November 7, 2011, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). In the petition, the petitioner asserts seventeen (17) claims for relief. More specifically, he alleges that

    1) the petitioner was convicted of aggravated assault and especially aggravated kidnapping in violation of due process and double jeopardy;

    2) trial counsel was ineffective for
- a) stipulating that the petitioner was lawfully confined for assault with intent to commit murder at the time of the escape;
- b) failing to subpoena medical records in order to establish mitigation at the sentencing hearing;
- c) refusing to allow the petitioner to testify on his own behalf;
- d) failing to seek a severance;
- e) neglecting to object when counsel for co-defendant told the jury that both defendants were guilty of escape and assault;
- f) conceding to the jury that the petitioner was guilty of escape without the petitioner's consent;
- g) not requesting an instruction for the lesser included offense of aggravated kidnapping and for neglecting to raise the issue on direct appeal;
- h) failing to require the prosecution to produce certified copies of judgments of prior convictions at sentencing;
- i) not inspecting the crime scene;
- j) neglecting to request an instruction for the natural and probable consequences

                rule as it applies to criminal
                responsibility;[2]

3) counsel was ineffective during resentencing because he failed to require the prosecution to produce certified copies of judgments of prior convictions;

4) counsel was ineffective for neglecting to challenge on direct appeal of the resentencing the court's failure to apply Blakely;[3]

5) the trial court erred in not conducting a Momon inquiry into petitioner's decision not to testify;[4]

6) the trial court erred when it suppressed evidence that the petitioner had tried to warn a unit manager about the possibility of an escape;

7) the trial court erred when it denied petitioner's request for an instruction regarding confinement, detention and movement; and

8) the trial court erred when it failed to instruct the jury as to the lesser included offense of false imprisonment.

Upon receipt of the petition, the Court examined it and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.5) was entered

---

[2] At trial and on direct appeal, the petitioner was represented by Larry Hoover, a member of the Davidson County Bar.

[3] At resentencing and on appeal, the petitioner was represented by Mike Urquhart, a member of the Davidson County Bar.

[4] Momon v. State, 18 S.W.3d 152 (Tenn.1999)(procedures set forth to insure that a criminal defendant has knowingly and willingly waived his right to testify).

4

directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court are respondent's Answer (Docket Entry No.24) to the petition and the petitioner's Reply (Docket Entry No.26) to the Answer. Having carefully considered the petition, respondent's Answer, petitioner's Reply to the Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### C. Analysis of the Claims

**1) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a

5

condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[5]

All but four of the petitioner's claims were never presented to the state appellate courts on either direct appeal (Docket Entry No.25-2), the appeal of petitioner's resentencing (Docket Entry No.25-9), or on appeal from the denial of post-conviction relief (Docket Entry No.25-21). These claims include petitioner's due process and double jeopardy claim (Claim No.1), the failure to conduct a Momon inquiry into petitioner's decision not to testify (Claim No.5), the suppression of petitioner's effort to warn the unit manager about the possibility of an escape (Claim No.6), the failure to give two jury instructions (Claim Nos.7 and 8), and eight instances of alleged ineffective assistance (Claim Nos.2b,2e-

---

[5] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

6

i,3 and 4).

Unfortunately, at this late time, state court remedies for these claims are no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. <u>Wainwright v. Sykes</u>, 97 S.Ct. 2497, 2505 (1977); <u>Engle v. Isaac</u>, 102 S.Ct. 1558, 1573 (1982).

The petitioner has offered no cause for his failure to exhaust these claims in the state courts in a timely manner. Nor has he shown prejudice resulting from the alleged violations. Therefore, the procedural default of these claims is unexcused and, as a consequence, these claims will not support an award of habeas corpus relief.

**2) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the ineffectiveness of trial counsel (Claim Nos.2a,2c-d,2j), were fully exhausted on the merits in the state courts during the post-conviction proceedings. Docket Entry No.25-21.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

8

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner alleges that trial counsel was ineffective for stipulating to the offense for which he was incarcerated at the time of the escape (Claim No.2a).

The indictment charged the petitioner with an escape from the Riverbend Maximum Security Institution while serving a sentence for assault with intent to commit murder. Docket Entry No.25-12 at pg.7. Fearing that knowledge of the petitioner's prior conviction could be prejudicial, counsel filed a motion in limine asking that the jury not be informed of that fact. But because the prior conviction was an element of a felony escape charge and had been

identified in the indictment, the motion was denied. Docket Entry No.25-14 at pgs.40-41. During the course of the trial, though, the prosecution accepted counsel's offer to stipulate to the prior conviction. Docket Entry No.25-16 at pg.55.

On direct appeal, the Tennessee Court of Criminal Appeals found that the trial court erred in allowing the prosecution to introduce evidence of the prior conviction. However, the court found that this error was harmless. Docket Entry No.25-4 at pg.8. In light of that ruling, it was later held during the post-conviction appeal that the petitioner could not establish prejudice because the error had been harmless. Docket Entry No.25-23 at pg.16. This Court agrees with the state courts on that point. The jury was given a curative instruction regarding the stipulation. Docket Entry No.25-16 at pg.56. The petitioner has offered nothing to suggest that knowledge of the prior conviction in any way affected the verdict of the jury. Therefore, this issue has no merit.

The petitioner next claims that counsel was ineffective for refusing to allow him to testify on his own behalf (Claim No.2c).

At the post-conviction evidentiary hearing, the petitioner testified that he wanted to take the witness stand but was not allowed to by counsel. Counsel stated that "He was sure he advised the petitioner not to testify because the trial went as well as it could have gone." Docket Entry No.25-13 at pg.59. "But at the end

of the day, had he demanded to testify, we probably would have, you know, if you really want to testify, we'd put him up to testify." *Id.* at pg.60.

Having considered this evidence, the trial court found that the record did not establish that the petitioner had expressly waived his right to testify. Counsel, therefore, had been deficient to some degree in this regard. Docket Entry No.25-12 at pg.119. Nevertheless, the state courts found that petitioner's proposed testimony was either cumulative or uncorroborated. Thus, no prejudice arose from counsel's error.

The petitioner stated at his evidentiary hearing that he would have testified "as to what our intent was that night", Docket Entry No.25-13 at pg.8, that he wanted to testify because he was afraid that his co-defendant "was going to blame me for this whole situation", *Id.* at pg.25, and that he wanted to explain that he tried to stop the escape by calling management. *Id.* at pg.45.

At trial, petitioner's co-defendant testified that "Mr. Coffelt at no time had sat down and planned anything with me." Docket Entry No.25-17 at pg.75. He continued by noting that "In all actuality, in between about 3 o'clock and 5 o'clock, he told me that he didn't think it was a good idea." *Id.* at pg.76. Given the testimony of his co-defendant, the petitioner did not need to offer self serving statements from the witness stand to mitigate his role in the events surrounding the escape. Accordingly, the Court finds

11

that the petitioner has not shown prejudice arising from his failure to testify sufficient to support a claim of ineffective assistance.

The petitioner's third exhausted claim is that counsel was ineffective for failing to seek a severance from his co-defendant (Claim No.2d).[6]

After his recapture, the petitioner told authorities that he had tried to call his unit manager to inform her about the possibility of an escape. Docket Entry No.25-13 at pg.52. He hoped to introduce this statement at trial. Petitioner's co-defendant, however, was able to convince the court to suppress the statement. The petitioner believes that counsel was ineffective for failing to seek a severance so that he could use his statement to the authorities.

The state courts found that counsel had not been deficient for failing to seek a severance because the petitioner "could have gotten the same evidence admitted in another manner". Docket Entry No.25-12 at pg.124. Nor had the petitioner shown that his self serving statement would have affected the outcome of the trial. Docket Entry No.25-23 at pg.16. Thus, the state courts concluded that counsel had not been ineffective in this regard.

According to the record, petitioner's co-defendant filed a motion to sever. Docket Entry No.25-14 at pgs.53-56. The trial

---

[6] The petitioner's co-defendant was Lyle Van Ulzen.

court denied the motion. *Id.* at pg.56. The petitioner has given no reason to believe that the trial court would have then granted his motion to sever. As a consequence, this Court agrees that the ruling of the state courts on this issue is not contrary to federal law.

Finally, the petitioner argues that counsel was ineffective because he neglected to ask for an instruction about the natural and probable consequences rule as it applied to criminal responsibility (Claim No.2j).

The natural and probable consequences rule underlies the doctrine of criminal responsibility and is based on the recognition that aiders and abettors should be responsible for the criminal harms they have naturally and probably put into motion. State v. Carson, 950 S.W.2d 951 (Tenn.1997). In State v. Howard, 30 S.W.3d 271 (Tenn.2000), the Tennessee Supreme Court held that the failure to instruct the jury on the natural and probable consequences rule warranted reversal of a first degree murder conviction for the participant in a robbery in which a restaurant employee was killed but during which the participant did not fire a weapon. The petitioner believes that the Howard decision required counsel to ask for a natural and probable consequences rule instruction.

The Howard decision was issued more than three months after the petitioner's trial. Therefore, counsel could not have been deficient for failing to ask for the instruction before it was

13

recognized as mandatory. In addition, the petitioner has not shown that such an instruction would have changed the outcome of the trial. Thus, the Court finds that the state courts did not err in dismissing this claim.

### D. CONCLUSION

For the reasons noted above, the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Therefore, his petition will be denied and this action shall be dismissed.

_____
Todd Campbell
United States District Judge